John Eldon SMITH, or Anthony Isalldo Machetti, Petitioner-Appellant,

v.

Charles BALKCOM, Warden, Georgia State Prison, Respondent-Appellee.

No. 81-7043.

United States Court of Appeals, Fifth Circuit.*

Unit B

March 29, 1982.

* Former Fifth Circuit Case; (Section 9(1) of Public Law 96-452—October 14, 1980).

Robert C. Glustrom, Decatur, Ga., Anthony G. Amsterdam, Stanford, Cal., John Charles Boyer, New York City, Samuel R. Gross, New Haven, Conn., for petitioner-appellant.

Susan V. Boleyn, Asst. Atty. Gen., State of Ga., Atlanta, Ga., for respondent-appellee.

** Honorable Edward S. Smith, Judge for the

## ON PETITIONS FOR REHEARING

Before HILL, Circuit Judge, SMITH **, Judge, and HENDERSON, Circuit Judge.

PER CURIAM:

■ We hereby modify the panel opinion, 660 F.2d 573 (5th Cir. 1981), to delete the paragraph appearing on page 585 and beginning "The equal protection aspect ..." and add in lieu thereof the following:

Smith further attacks the constitutionality of the application of Georgia's death penalty on equal protection grounds. Smith has proffered evidence undertaking to show that "racial factors [are] evident in Georgia capital sentencing patterns." Brief for Petitioner-Appellant at 40. This evidence falls short, however, of establishing an equal protection violation.

In some instances, circumstantial or statistical evidence of racially disproportionate impact may be so strong that the results permit no other inference but that they are the product of a racially discriminatory intent or purpose. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266 [97 S.Ct. 555, 266, 50 L.Ed.2d 450] (1977); *see Furman v. Georgia*, 408 U.S. 238, 389 n.12 [92 S.Ct. 2726, 2804 n.12, 33 L.Ed.2d 346] (1972) (Burger, C. J., dissenting). Smith's evidence, however, does not present such a case. The raw data selected for the statistical study bear no more than a highly attenuated relationship to capital cases actually presented for trial in the state. The leap from that data to the conclusion of discriminatory intent or purpose leaves untouched countless racially neutral variables.[33] The statistics are not inconsistent with the proper application of the structured capital punishment law of the state found constitutional in *Gregg v. Georgia*, 428 U.S. 153 [96 S.Ct. 2909, 49 L.Ed.2d 859] (1976). Here,

U.S. Court of Claims, sitting by designation.

the proffered evidence would not have been of sufficient probative value to have required response and no hearing was required.

---

[33] Appellant's statistician sought to determine the total number of incidents involving homicide reported as having taken place in Georgia by a somewhat arbitrary (but accepted as statistically correct) adjustment for unreported incidents. He used Supplemental Homicide Reports (SHRs) submitted by Georgia law enforcement officers to the Federal Bureau of Investigation. (He compiled a supplemental data base of those homicides associated with the commission of some other felony —one, but only one, of the aggravating circumstances under the statute. *See* note 7 *supra*). The study then compares these reported incidents with death penalties ultimately imposed, after trial, in the state. No data is offered as to whether or not charges or indictments grew out of reported incidents or as to whether charges were for murder under aggravating circumstances, murder in which no aggravating circumstances were alleged, voluntary manslaughter, involuntary manslaughter, or other offenses. The data are not refined to select incidents in which mitigating circumstances were advanced or found or those cases in which evidence of aggravating circumstances was sufficient to warrant submission of the death penalty *vel non* to a jury. No incidents resulting in not guilty verdicts were removed from the data. The unsupported assumption is that all such variables were equally distributed, racially, sexually, offender and victim, throughout the SHRs. No conclusions of evidentiary value can be predicated upon such unsupported assumptions. *Spinkellink v. Wainwright*, 578 F.2d 582, 612–16 (5th Cir. 1978).

The Petition for Rehearing is DENIED and no member of this panel nor Judge of this Administrative Unit in regular active service having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16; Fifth Circuit Judicial Council Resolution of January 14, 1981), the suggestion for Rehearing En Banc is DENIED.

The judgment of the district court is AFFIRMED.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.