**Willie X. ROSS, Petitioner,**

v.

**Joe S. HOPPER, Warden, Respondent.**

**Civ. A. No. CV 478–162.**

United States District Court,
S. D. Georgia,
Savannah Division.

May 10, 1982.

C. B.. King, Albany, Ga., John Charles Boger, New York City, for petitioner.

Arthur K. Bolton, Atty. Gen., Atlanta, Ga., for respondent.

## ORDER

BOWEN, District Judge.

In a memorandum and opinion dated April 1, 1982, the Court denied petitioner habeas corpus relief. Petitioner has filed a timely motion pursuant to Rules 52(b) and 59, Fed.R.Civ.P., for an order to alter or amend the Court's decision. In support of his motion, petitioner, by counsel, raises two issues. First, petitioner argues that his challenge to the composition of his grand and traverse juries in this Court is not precluded by the Supreme Court's decision in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Petitioner cites the case of *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), in support of his position. Second, petitioner contends that "newly available evidence developed by independent social scientific researchers which strongly supports petitioner's claims should be heard and weighed by the Court in determining whether Georgia is imposing death sentences in an arbitrary and capricious manner." After careful consideration the Court finds that it is necessary to amend its memorandum and order concerning petitioner's first argument; the Court, however, finds petitioner's second contention to be totally without merit.

## PETITIONER'S JURY CHALLENGE

■ Upon reconsideration, the Court finds that the Georgia courts did not apply a state procedural rule in denying petitioner's challenge to the composition of his grand and traverse juries. Since the Georgia courts did not impose a procedural default on petitioner, no principle of comity bars this Court from considering, as did the courts of Georgia, the merits of petitioner's

jury claim. *See Ulster County Court v. Allen*, 442 U.S. 140, 154, 99 S.Ct. 2213, 2223, 60 L.Ed.2d 777 (1979). To the extent that the Court's memorandum and opinion of April 1, 1982, held that this Court was barred from considering petitioner's jury claim by the Supreme Court's decision in *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) or *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), that order is hereby vacated. This amendment of the Court's order does not mean, however, that petitioner is entitled to an evidentiary hearing on this issue. The Court simply finds that it is necessary to modify its decision by substituting the following analysis in lieu of the Court's previous analysis based on the doctrine of procedural default.

■ As petitioner notes in his current motion, the Superior Court of Tattnall County dismissed petitioner's jury claim by stating that "on the habeas hearing, Petitioner offered no evidence in support of this allegation. Therefore, this Court finds that Petitioner has failed in his burden to establish a factual basis for this allegation." Subsequently, when petitioner appealed the Tattnall County court's decision, the Georgia Supreme Court summarily discounted petitioner's argument. *Ross v. Hopper*, 240 Ga. 369, 372, 240 S.E.2d 850, 853 (1977). Given these findings by the Georgia courts, the Court gave petitioner the opportunity at its hearing on January 26, 1981, to show cause why the presumption of correctness created by 28 U.S.C. § 2254(d) should not attach to the determination made by the State courts. After such hearing, this Court found that not one of the statutory exceptions enumerated in 28 U.S.C. § 2254(d) was satisfied so as to negate the statutory presumption of correctness. The Court is still satisfied that petitioner was afforded a full and fair opportunity to present his jury composition issue to the courts of Georgia and that he simply failed to meet his burden of proof. Moreover, as the Supreme Court recently noted in *Summer v. Mata*, 449 U.S. 539, 551, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981):

When it enacted the 1966 amendment to 28 U.S.C. § 2254, Congress specified that in the absence of the previously enumerated factors one through eight, [28 U.S.C. § 2254(d)(1)–(8)] the burden shall rest on the habeas petitioner, whose case by that time had run the entire gamut of a state judicial system, to establish "by convincing evidence that the factual determination of the state court was erroneous." 28 U.S.C. § 2254(d).

Petitioner, through counsel, failed to give any indication that he was prepared to meet this burden at the hearings held by this Court on January 26 and 27, 1981. *See Smith v. Balkcom*, 660 F.2d 573, 575 n.2 (F. 5th Cir. 1981), *modified*, 671 F.2d 858 (5th Cir. 1982). After due consideration, the Court finds that no further evidentiary hearing is needed on this issue; petitioner's jury composition issue is without merit.

## ARBITRARY AND CAPRICIOUS IMPOSITION OF THE DEATH PENALTY

In regard to petitioner's second contention that the State of Georgia is imposing the death penalty in an arbitrary and capricious manner, it must be recognized "that if a state follows a properly drawn statute in imposing the death penalty, then the arbitrariness and capriciousness—and therefore the racial discrimination—condemned in *Furman* [*Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972)] have been conclusively removed." *Spinkellink v. Wainwright*, 578 F.2d 582, 613–14 (5th Cir. 1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796, *rehearing denied*, 441 U.S. 937, 99 S.Ct. 2064, 60 L.Ed.2d 667 (1979). (footnotes omitted). The present Georgia statute was reviewed and approved by the Supreme Court in *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). Petitioner has proffered evidence to show "that statistically significant racial discrimination is present in Georgia's capi-

tal sentencing system, based upon the race of the defendant and the race of the victim." Significantly, petitioner has not proffered evidence of "some specific act or acts evidencing intentional or purposeful racial discrimination against him. . . ." *Spinkellink*, 578 F.2d at 614 n.40.

█ The Court finds as it did in its April 1, 1982, memorandum and opinion, that the record contains facts sufficient to determine this issue given the existence of controlling precedent.[1] The Court sees no reason to hold a further evidentiary hearing to allow petitioner to present "newly available evidence" when the gist of petitioner's contention has been determined as a matter of law by the court of appeals in *Spinkellink* and in *Smith v. Balkcom*, 660 F.2d 573, 584–85 (F. 5th Cir. 1981), *modified*, 671 F.2d 858 (F. 5th Cir. 1982). *See Smith v. Balkcom*, 660 F.2d at 575 n.2. Even if the studies enumerated by petitioner in his current motion were to establish conclusively that the present Georgia death penalty statute has had a racially disproportionate impact, such a showing in itself would not establish an equal protection violation. *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). The leap from the sort of data proffered by petitioner "to the conclusion of discriminatory intent or purpose leaves untouched countless racially neutral variables." *Smith v. Balkcom*, 671 F.2d 858 (F. 5th Cir. 1982) (slip op. at 14842). Petitioner's second contention is without merit.

## CONCLUSION

Accordingly, the Court finds that petitioner's jury composition issue is without merit for the reasons given in the first division of this order. Petitioner's second contention is also found to be without merit. To the extent that the Court's memorandum and opinion of April 1, 1982, held that this Court was barred from considering

---

1. Contrary to petitioner's position, this Court cannot conclude that *Spinkellink v. Wainwright*, 578 F.2d 582 (5th Cir. 1978), *cert. denied*, 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796, *rehearing denied*, 441 U.S. 937, 99 S.Ct. 2064, 60 L.Ed.2d 667 (1979), was wrongly de-

cided and finds nothing in *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), which undermines the decision reached in *Spinkellink* or in the Court's order of April 1, 1982.

petitioner's jury claim by the Supreme Court's decision in *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), or *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), that order is hereby amended so as to substitute the analysis given in the first division of this opinion in lieu of the previous analysis of this issue in the April 1, 1982, memorandum and opinion which was based on the doctrine of procedural default. Petitioner's motion is otherwise denied.