**Alpha Otis O'Daniel STEPHENS, Petitioner-Appellant,**

v.

**Ralph KEMP, Superintendent, Georgia Diagnostic & Classification Center, Respondent-Appellee.**

No. 83–8844.

United States Court of Appeals, Eleventh Circuit.

Dec. 9, 1983.

William Sumner, Atlanta, Ga., Thomas Martin Lahiff, Jr., Elizabeth, N.J., George Benjamin Daniels, Brooklyn, N.Y., for petitioner-appellant.

William Hill, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before FAY, VANCE and KRAVITCH, Circuit Judges.

BY THE COURT:

Petitioner Alpha Otis O'Daniel Stephens is scheduled to be executed by the state of Georgia on December 14, 1983. He now presents to the court his emergency application for a certificate of probable cause and for a stay of execution. The United States District Court for the Middle District of Georgia denied the relief here sought by its judgment of November 21, 1983.

This is the third occasion on which this court has considered various pleas by petitioner since he was convicted and sentenced to death of January 21, 1975 for the murder

of Roy Asbell in Bleckley County, Georgia in 1974. His conviction was affirmed by the Georgia Supreme Court, *Stephens v. State,* 237 Ga. 259, 227 S.E.2d 261, *cert. denied,* 429 U.S. 986, 97 S.Ct. 508, 50 L.Ed.2d 599 (1976). Thereafter he sought relief by state habeas corpus proceedings which was ultimately denied in the Georgia Supreme Court, *Stephens v. Hopper,* 241 Ga. 596, 247 S.E.2d 92, *cert. denied,* 439 U.S. 991, 99 S.Ct. 593, 55 L.Ed.2d 667 (1978). He then filed his petition for writ of habeas corpus in the United States District Court for the Middle District of Georgia which was denied on May 11, 1979. On appeal to the United States Court of Appeals for the Former Fifth Circuit the denial of relief by the district court was reversed. *Stephens v. Zant,* 631 F.2d 397 (5th Cir.1980), *modified on rehearing,* 648 F.2d 446 (5th Cir.1981). Respondent sought and was granted review by the United States Supreme Court, which certified a question to the Supreme Court of Georgia, *Zant v. Stephens,* 456 U.S. 410, 102 S.Ct. 1856, 72 L.Ed.2d 222 (1982). After receipt of the Georgia court's response, *Zant v. Stephens,* 250 Ga. 97, 297 S.E.2d 1 (1982), the Supreme Court of the United States reversed the decision of the fifth circuit, *Zant v. Stephens,* —— U.S. ——, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983). On remand this court rendered a decision affirming the decision of the district court which had denied habeas relief, *Stephens v. Zant,* 716 F.2d 276 (5th Cir.1983).

Petitioner thereafter filed a second state habeas petition which was dismissed by the Georgia superior court on November 10, 1983. His application for certificate of probable cause to appeal the adverse decision was denied.

On November 15, 1983 petitioner initiated the present proceeding in the district court. A hearing was held on that same day and six days later an order entered denying relief. The application to this court was filed on December 1, 1983 and the matter set on December 7, 1983 before this panel in an expedited proceeding. Here as in the district court the petitioner presents seven constitutional claims which were stated by petitioner's counsel as follows:

(1) he was denied effective assistance of counsel resulting in his conviction, death sentence and denial of adequate appellate and habeas corpus review;

(2) he was sentenced to death without any jury instruction or finding that he must have killed, attempted to kill or intended to kill in order to receive the death penalty;

(3) he was convicted by an unconstitutionally selected all white, male jury that was chosen from an array which systematically excluded and significantly underrepresented blacks and women;

(4) he was convicted on the basis of an involuntary and patently unreliable confession affected by significant alcohol and drug use;

(5) the trial judge failed to hold a hearing on his competency to stand trial despite evidence that he did not communicate with counsel or the court, and was unable to assist in his own defense;

(6) the Georgia death penalty statute is administered in an arbitrary and discriminatory manner based on the race of the defendant and race of the victim; and

(7) appellate procedures in Georgia did not provide an adequate review of the proportionality of his death sentence resulting in a comparison with cases most of which had the death sentence later vacated.

■ Among petitioner's claims may be one or more that would have necessitated an evidentiary hearing if presented properly in his first petition. The case before us, however, is a second or successive petition, governed by Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts:

Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if

new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Respondent has plead abuse of the writ, shifting to petitioner the burden to prove he has not engaged in that conduct. *Price v. Johnson,* 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356 (1948). At the hearing on November 15, 1983 petitioner was afforded the opportunity to which he was entitled under *Potts v. Zant,* 638 F.2d 727, 747 (5th Cir. Unit B), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981) to explain or rebut the abuse of the writ allegation. The district court thereafter found that petitioner had failed to meet his burden and that his claims constitute an abuse of the writ. In its judgment of November 21, 1983 it dismissed the petition, denied a certificate of probable cause and denied a stay.

There is no disagreement among the parties as to the standard applicable to second and subsequent petitions for habeas corpus which present wholly new issues. In order to constitute abuse, presentation of such issues must result from (1) the intentional withholding or intentional abandonment of those issues on the initial petition or (2) inexcusable neglect. *See Potts,* 638 F.2d at 740–41. Our inquiry in this court focuses on the correctness of the district court's holding that petitioner failed to show he was not guilty of inexcusable neglect.

Petitioner says that three of the seven claims before us could not have been presented in prior petitions because they are the product of intervening changes in the law or intervening facts which have subsequently been developed.

 Under the first of these claims, petitioner contends that the Constitution required that the jury which sentenced him to death in 1975 should have been given an instruction patterned after the Supreme Court's subsequent holding in *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982). In light of our decision in *Ross v. Hopper,* 716 F.2d 1528 (11th Cir.1983) this claim plainly lacks merit. Petitioner's admission that he participated in the robbery, kidnapping and murder notwithstanding his assertion that an accomplice actually pulled the trigger, renders *Enmund* inapplicable.

 Petitioner seeks to excuse his prior failure to present the third and sixth of his present claims on the ground that they are based on newly discovered statistical evidence. As to the third claim, the argument is facially unsound. The jury challenge was not made at any time before the second habeas petition, over eight years after trial. The statistical evidence on which the claim purportedly rests was available at all times. The sixth claim relies on this court's recent decision in *Spencer v. Zant,* 715 F.2d 1562 (11th Cir.1983). In claiming that Georgia's death penalty statute is administered in an arbitrary and discriminatory manner in violation of his eighth and fourteenth amendment rights, petitioner must prove " 'some specific act or acts evidencing intentional or purposeful ... discrimination against [the petitioner]' on the basis of race, sex or wealth." *Smith v. Balkcom,* 660 F.2d 573 (5th Cir. Unit B 1981), *modified,* 671 F.2d 858, *cert. denied,* —— U.S. ——, 103 S.Ct. 181, 74 L.Ed.2d 148 (1982). Petitioner alleges that a 1980 study by a Dr. David Baldus supports his claim. This is a similar contention to that made in *Spencer.* Here, however, the similarity ends. In *Spencer,* which involved a first petition for habeas corpus, the so-called Baldus study was proffered as evidence at the district court hearing. A panel of this court held that the evidence as proffered was material and should have been received. In the present case the issue arose at a hearing concerning abuse of the writ but no such proffer was made by petitioner. Indeed, no evidence of any kind was proffered that would either establish petitioner's claim or demonstrate that the claim was supported by intervening facts.[1]

The only excuse tendered by petitioner for his failure previously to present his con-

---

1. Plaintiff's suggestion that he could produce evidence at a subsequent hearing does not

tentions with respect to the voluntariness of his confession, his competency to stand trial and the adequacy of Georgia's proportionality review is the claimed ineffectiveness of his prior counsel both at trial and during the prior habeas corpus proceedings. All of the remaining issues therefore devolve into the ineffective assistance of counsel issue.

The task of this petitioner's counsel presented obvious difficulties. After escaping from county jail, petitioner was interrupted committing a burglary in Twiggs County by his victim whom he and an accomplice robbed, kidnapped, drove into Bleckley County and brutally killed; he was caught the next morning with the murder weapon in his possession. Although he confessed and pleaded guilty in Twiggs County to armed robbery, kidnapping with bodily injury, and the theft of a motor vehicle, he would not cooperate or even communicate with his attorneys in the murder prosecution. Petitioner was represented initially by two local attorneys, one of whom withdrew after trial to become a district attorney and the other of whom withdrew after the filing of the first habeas petition upon his appointment to the superior court bench. Thereafter petitioner was represented in the state courts, in the district court, in this court and in the Supreme Court by additional attorneys whose qualification and experience in capital cases are well known to this court. From our reading of the record of trial and the reported appeals, no ineffective assistance is apparent; it appears that a thoroughly vigorous attempt has been made to save petitioner from death. Counsel's line of defense was reasonable under the circumstances and, indeed, at one stage persuaded the fifth circuit that the writ should be granted.

■ Petitioner's present counsel have gathered several affidavits of family members and childhood acquaintances which indicated that they would have been willing to testify on his behalf at the sentencing phase but were not interviewed. Such evidence, even if properly presented, does not of itself establish ineffectiveness of counsel. *See Stanley v. Zant,* 697 F.2d 955 (11th Cir.1983). In their papers and in argument present counsel made sweeping and extravagant allegations concerning the original counsel's failure to conduct any investigation or to make any preparation for trial.[2] Before the district court, however, they were unable to proffer any non-record evidence to support their claim but sought merely to have execution stayed and time allowed for discovery. Notwithstanding their having been actively engaged in the conduct of this matter for between two and three months, present counsel had failed to make any meaningful inquiry into the handling of petitioner's case by his original defense counsel or prior habeas counsel. By delaying the filing of the second state petition until the eleventh hour, after execution was set, they sacrificed the normal discovery processes that would have been available to them at that level. Before this court they ultimately conceded that at this time they are still unable to make any proffer of evidence to support the allegation of failure to investigate and prepare. Under these circumstances the district court did not err in holding that the writ had been abused and in failing to grant the relief sought.

The emergency application for a certificate of probable cause and for stay of execution is therefore DENIED.

satisfy his burden.

**2.** Although present counsel's allegations in no way diminish petitioner's rights under the Constitution, they underline our continuing concern that seemingly automatic attacks on unsuccessful counsel by subsequent habeas counsel will inevitably lessen the willingness of competent counsel to accept capital cases. To be sure, habeas counsel has a duty to make such allegations when they are supportable. The allegations in this case, however, were made without even the most superficial inquiry and without any substantial evidence. In our view wholly unsupported attacks on the competency and effectiveness of prior counsel will not be tolerated.