**Alpha Otis O'Daniel STEPHENS, Petitioner,**

v.

**Ralph KEMP, Superintendent, Georgia Diagnostic & Classification Center, Respondent.**

No. 83–8844.

United States Court of Appeals, Eleventh Circuit.

Dec. 13, 1983.

William Sumner, Atlanta, Ga., Thomas Martin Lahiff, Jr., Elizabeth, N.J., George Benjamin Daniels, Brooklyn, N.Y., for petitioner.

William Hill, Asst. Atty. Gen., Atlanta, Ga., for respondent.

## ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion December 9, 1983, 11 Cir., 1983, 721 F.2d 1300).

Before GODBOLD, Chief Judge, RONEY, TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HENDERSON, HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is DENIED and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service, not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 26), the Suggestion for Rehearing En Banc is also DENIED. The Petition for a Stay is DENIED.

GODBOLD, Chief Judge, and JOHNSON, HATCHETT, R. LANIER ANDERSON, III, and CLARK, Circuit Judges, dissenting:

We respectfully dissent from the failure of the court to rehear this case en banc. An equally divided court resulted in the denial of the en banc petition. The claim in this case—that Georgia's death penalty statute is being applied in an arbitrary and discriminatory manner and that the evidence proffered is sufficient to raise a material issue of intentional race discrimination and is sufficient to require an evidentiary hearing—is identical in all respects with the issue in *Spencer v. Zant,* 715 F.2d 1562 (11th Cir.1983).[1] Rehearing en banc in *Spencer* has now been granted, 715 F.2d 1562, 1583 (11th Cir.1983), and the en banc court will hear oral argument in January, 1984. It is clear to us, beyond peradventure, that petitioner's claim presents a substantial question in this circuit.[2]

Nor can the record in this case support a finding of abuse of the writ of habeas corpus, under the principles established in *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). At the time of Stephens' first state and federal petitions, the then extant evidence and the then established law appeared to preclude this claim as a matter of law. *Spinkellink v. Wainwright,* 578 F.2d 582 (5th Cir.1978), cert. denied 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979); *Smith v. Balkcom,* 671 F.2d 858 (5th Cir.1982), modifying 660 F.2d 573 (5th Cir.1981). It was only long after Stephens' previous habeas petitions, that the particularized statistical study became available, which the *Spencer* court held on September 30, 1983, was sufficient to require an evidentiary hearing on the merits of the discrimination claim. Under these circumstances and the present record, and especially in light of the fact that petitioner has not been afforded an evidentiary hearing on the abuse of the writ issue,[3] we

1. We disagree with the panel's conclusion that *Spencer* can be distinguished on the ground that Stephens' counsel made no proffer of evidence on this issue. The hearing was not an evidentiary hearing. Counsel for Stephens proffered evidence based on newly available studies, (referring by name to the Baldus Study relied on in *Spencer*), summarized briefly the conclusions of the studies indicating a racially disproportionate imposition of the death penalty in Georgia, and when pressed for specifics stated that there would be presented the same evidence presented in the August, 1983 case of *McCleskey v. Zant,* No. C81–2434A in the Northern District of Georgia, and that the evidence would be presented tomorrow if the court pleased. The *McCleskey* case is presently under consideration by the district court.

2. We do not understand the Supreme Court's very recent denial of an application for stay of execution in *Sullivan v. Wainwright,* —— U.S. ——, 104 S.Ct. 450, 78 L.Ed.2d 210 (1983), to be a decision on the merits of this issue.

3. The hearing held by the district court on November 15, 1983, was not an evidentiary hearing. The district court rejected, in conclusory fashion, petitioner's assertion that his claim was premised on newly discovered evidence, notwithstanding the *Spencer* panel's

respectfully submit that *Sanders v. United States, supra,* precludes a finding of abuse of the writ.

The Baldus Study is now available to Stephens who offers evidence reflecting discriminatory application of the death penalty in Georgia, which offer has to this point been refused. This refusal comes on the same day this court votes en banc in *Spencer* the question of whether a proffer of the Baldus study requires an evidentiary hearing. That question may very well include consideration of the merits of the issue of discriminatory application of the death penalty and other related issues.

We hold no preconception that the writ should be granted, but we strongly believe that Stephens is entitled to a hearing on the question of whether he is abusing the writ and on the claim of arbitrary and discriminatory application of the death penalty in Georgia.

For these reasons, we dissent from the denial of consideration of Stephens' application for rehearing en banc.

KRAVITCH, Circuit Judge, dissenting:

I respectfully dissent from denial of rehearing en banc. Since the panel opinion issued, this court has granted rehearing en banc in *Spencer v. Zant,* which involves an issue identical to one presented in this case. Further, the petition for rehearing raises a serious question concerning petitioner's opportunity to proffer evidence at the district court hearing, a factor crucial to the panel's holding.

holding that the same crucial evidence was not previously available, thus precluding a finding of deliberate by-pass. *Spencer,* 715 F.2d at 1580.