Johnny Paul WITT,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Florida Department of Corrections, Jim Smith, Attorney General, State of Florida, Respondents-Appellees.

No. 85–3137.

United States Court of Appeals,
Eleventh Circuit.

March 4, 1985.

William C. McLain, James Marion Moorman, Asst. Pub. Defenders, Bartow, Fla., for petitioner-appellant.

Jim Smith, Atty. Gen., Robert J. Landry, Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before RONEY, FAY and JOHNSON, Circuit Judges.

BY THE COURT:

Petitioner Johnny Paul Witt appeals from an order of the United States District Court for the Middle District of Florida, Tampa Division, dated March 1, 1985, denying his petition for writ of habeas corpus and motion for stay of execution, and denying his application for certificate of probable cause to appeal to this Court.

The district court's denial of the petition for writ of habeas corpus was based on the conclusion that both claims Witt presents (ineffective assistance of counsel at sentencing and the *Grigsby* version of the

*Witherspoon* claim) constituted an abuse of the writ. *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968); *Grigsby v. Mabry,* 758 F.2d 226 (8th Cir.1985) *(en banc ).* After reviewing the record before the district court, the transcript of the district court hearing, the emergency motion to stay execution and supplement thereto, and the State's response, we conclude that the judgment of the district court in denying the application for certificate of probable cause and denying the application for stay of execution should be affirmed.

Petitioner was convicted and sentenced to death on February 21, 1974. The Florida Supreme Court affirmed on direct review. *Witt v. State,* 342 So.2d 497 (Fla.), *cert. denied,* 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294, *reh'g. denied,* 434 U.S. 1026, 98 S.Ct. 755, 54 L.Ed.2d 774 (1977). The denial of a collateral attack in state court was affirmed. *Witt v. State,* 387 So.2d 922 (Fla.), *cert. denied,* 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980). On appeal from a denial of a federal petition for writ of habeas corpus, this Court affirmed as to the conviction but reversed as to the sentence on the *Witherspoon* issue. *Witt v. Wainwright,* 714 F.2d 1069 (11th Cir.1984). The Supreme Court of the United States reversed and remanded. *Wainwright v. Witt,* — U.S. —, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). This Court then affirmed the denial of habeas corpus relief. The present petition was filed in the federal district court on February 26, 1985. Witt is presently scheduled to be executed on March 6, 1985 at 7:00 a.m.

■ When the State alleges, as they do in the instant case, an abuse of the writ of habeas corpus, it places the burden on the petitioner to rebut the State's contention in one of several ways:

(a) If the ground was previously addressed in a federal habeas corpus proceeding, the petitioner must demonstrate that the decision was not on the merits or the ends of justice would be served by reconsideration of the merits. The "ends of justice" are defined by objective factors, such as whether there was a full and fair hearing on the original petition or whether there was an intervening change in the facts of the case or the applicable law.

(b) If the ground was not previously presented in a federal habeas corpus proceeding, petitioner must demonstrate the failure to present the ground in the prior proceeding was neither the result of an intentional abandonment or withholding nor the product of inexcusable neglect. *See Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *see also Stephens v. Kemp,* 721 F.2d 1300 (11th Cir.1983), and *Potts v. Zant,* 638 F.2d 727 (5th Cir. Unit B 1981).

■ The first claim petitioner makes relates to ineffective assistance of counsel. Petitioner alleges his counsel failed to investigate and elicit psychological evidence at sentencing that would have shown petitioner to be suffering from organic brain disease. The evidence, counsel contends, should have been presented as mitigating evidence. Fla.Stat. § 921.141(6)(b) and (f). The district court assumed that no such claim was raised in the prior federal proceeding but went on to find that there was no adequate justification for failure to elicit until February 1985 the evidence that petitioner's present counsel secured in the form of a letter report from a clinical psychologist. The conclusion of the district court appears to us to be correct. To explain why this claim was not raised in petitioner's first habeas corpus proceeding, it would not be sufficient for petitioner merely to answer that the psychological evidence was not available in 1981, because the record is clear that it was within petitioner's power to elicit such evidence in 1981. As the district court observed, the record reflects no policy in the public defender's office which would have prevented petitioner's attorneys from raising an ineffective assistance claim against petitioner's trial counsel. From an examination of the record, it appears there was also no policy which would have prevented petitioner's attorneys from eliciting the psychological evi-

dence necessary to support that claim. The burden is on petitioner to demonstrate that the failure of his counsel at the first habeas corpus proceeding, who are attorneys from the same public defender's office which is presently representing petitioner, to elicit the necessary evidence and raise this claim was not due to "inexcusable neglect." The showing presently made by petitioner reflects nothing to show why this evidence was not discovered and presented in the prior proceeding.

■ Petitioner's second argument is based upon a *Grigsby* variation of the *Witherspoon* claim. The record indicates that the district court proceeded on the basis that the *Grigsby* claim was actually addressed by the Supreme Court in its opinion on the first habeas corpus petition in this case. *Wainwright v. Witt,* — U.S. ——, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985). If the district court is correct that the *Grigsby* claim has been addressed in the Supreme Court in *Witt,* its appearance in the present successive petition is purely an abuse of the writ. If the *Grigsby* claim was not addressed in the previous petition, Witt must demonstrate that the failure to include it was not the product of intentional abandonment or inexcusable neglect. Witt on this point contends that the *Grigsby* case was not decided until after his initial habeas corpus petition had been filed, argued and rejected. However, this claim will not stand close scrutiny because it is clear that the so-called *Grigsby* claim had been rejected not only in cases that are not binding on this Court, see *Keeten v. Garrison,* 742 F.2d 129 (4th Cir.1984), but in cases that are binding on this Court, *McCleskey v. Kemp,* 753 F.2d 877 (11th Cir.1985) [No. 84–8176, January 29, 1985]; *Smith v. Balkcom,* 660 F.2d 573 (5th Cir. Unit B 1981), modified 671 F.2d 858 (5th Cir. Unit B 1982), *cert. denied,* 459 U.S. 882, 103 S.Ct. 181, 74 L.Ed.2d 148 (1982); and *Spinkellink v. Wainwright,* 578 F.2d 582 (5th Cir.1978), *cert. denied,* 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979).

Therefore, it is clear that the *Grigsby* version of the *Witherspoon* claim now be-

ing presented in this successive petition is a claim that had been raised long before the *Grigsby* case and the petitioner's failure to present such a claim in his first petition is necessarily attributable to abandonment or inexcusable neglect. Thus, we find the presentation of this claim is also an abuse of the writ.

In addition to the above analysis, we have reviewed petitioner's claims and the record to see if either claim should have been considered in the manifest interest of justice. In our view, neither claim presents any "substantial ground upon which relief might be granted." *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

The application for certificate of probable cause to appeal is DENIED, and the emergency motion for stay of execution is DENIED.