James William HAMBLEN, Petitioner,

v.

Richard L. DUGGER, Secretary, Florida Department of Corrections, Respondent.

No. 90–810–Civ–J–12.

United States District Court, M.D. Florida, Jacksonville Division.

Sept. 19, 1990.

Larry Helm Spalding, Capital Collateral Representative, Billy H. Nolas, Chief Asst. CCR, Julie D. Naylor, Asst. CCR, Office of the Capital Collateral Representative, Tallahassee, Fla., for petitioner Hamblen.

Robert Butterworth, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for respondent Dugger.

### ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS

MELTON, District Judge.

This cause is before the Court on a Petition for Writ of Habeas Corpus by a Person in State Custody, filed herein on September 18, 1990, by JAMES WILLIAM HAMBLEN ("petitioner"), a death row inmate at Florida State Prison in Starke, Florida. The petition seeks relief from petitioner's execution, scheduled for 7:00 a.m., Friday, September 21, 1990. Petition-

er asserts two grounds for relief: (1) that petitioner has never received a hearing comporting with the requirements of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), to determine his competency to waive counsel and other rights, in violation of the sixth, eighth and fourteenth amendments; and (2) that the trial court erred by allowing petitioner to waive counsel in the penalty phase of his trial, creating a circumstance in which there was no adversary proceeding to determine whether death was the appropriate penalty, thus rendering petitioner's mandatory direct appeal meaningless, in violation of the sixth, eighth and fourteenth amendments. For the reasons set forth herein, the Court will dismiss the petition.

### I. BACKGROUND

The facts of the crime for which petitioner was sentenced and the circumstances surrounding his subsequent arrest, guilty plea and sentencing are delineated in *Hamblen v. Dugger*, 719 F.Supp. 1051 (M.D. Fla.), *certificate of probable cause denied*, Dkt. No. 89–3554 (11th Cir.1989), *stayed pending consideration of cert. petition*, —— U.S. ——, 110 S.Ct. 7, 106 L.Ed.2d 623 (1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 3289, 111 L.Ed.2d 797 (1990). The Court will not recount here those facts and circumstances but will briefly review the postconviction procedural history of the case.

Following appellate review of petitioner's conviction and death sentence, the Governor of Florida signed the first death warrant for petitioner on May 1, 1989, to cause petitioner's sentence of death to be executed between July 11 and 18, 1989. After unsuccessfully seeking relief in the state courts, counsel for petitioner, the Office of Capital Collateral Representative ("CCR"), filed a petition on his behalf, which he did not join, in this Court. While expressing serious reservations about its jurisdiction to hear the petition, the Court issued a July 10, 1989, order denying the petition on its merits. *See Hamblen*, 719 F.Supp. 1051, *supra.* This Court also refused to stay petitioner's execution and denied the request for a certificate of probable cause. The Eleventh Circuit Court of Appeals tem-

porarily stayed petitioner's execution for consideration of the application for stay and certificate of probable cause, ultimately denying both requests in an order dated July 17, 1989. Petitioner's application for stay of execution of sentence of death addressed to the United States Supreme Court was granted on July 18, 1989, pending the disposition by that Court of the petition for writ of certiorari. *See* — U.S. ——, 110 S.Ct. 7, 106 L.Ed.2d 623 (1989). The Supreme Court denied the petition for writ of certiorari on June 28, 1990, thereby automatically terminating the stay of execution. *See* — U.S. ——, 110 S.Ct. 3289, 111 L.Ed.2d 797 (1990).

The Governor signed a second death warrant for petitioner on July 3, 1990, to cause petitioner's sentence of death to be executed between July 16 and 23, 1990. Petitioner then sought relief in the state courts, which was denied. On July 16, 1990, a second petition was filed in this Court (with petitioner's consent). Additionally, petitioner filed a motion for relief from the order denying his first petition. The Court denied this second petition on its merits and denied the motion for jurisdictional reasons by orders dated July 16, 1990. On that same date, the Eleventh Circuit stayed petitioner's impending execution because one of the issues raised in his second petition was before the appellate court in another case. *See Hamblen v. Dugger*, Dkt. No. 90–3621 (11th Cir. July 16, 1990). Following resolution of that issue, the Eleventh Circuit affirmed this Court's order denying relief and vacated all stays on August 24, 1990. *Hamblen v. Dugger*, 911 F.2d 508 (11th Cir.1990). The Eleventh Circuit denied panel rehearing on September 14, 1990, and denied en banc rehearing on September 18, 1990.

The Governor signed a third death warrant for petitioner on August 28, 1990, to cause petitioner's sentence of death to be executed between September 19 and 26, 1990. Petitioner returned to this Court on September 18, 1990, and filed the present petition for habeas corpus, his third, contesting the execution scheduled for September 21, 1990.

## II. DISCUSSION

Petitioner raises in the present petition two claims which were raised in his first petition to this Court. These two claims were considered and rejected on their merits by the Court in that first proceeding. *See Hamblen*, 719 F.Supp. at 1056–57. In the usual case, this prior adjudication on the merits would, as discussed below, lead the Court to dismiss the present petition because petitioner offers no valid reason why these previously adjudicated claims should be reconsidered by this Court.

█ The Court is concerned, however, that the adjudication of the first petition in this case may be subject to challenge because petitioner did not join in the filing of that petition. In the order denying the first petition, the Court expressed reservations about its jurisdiction to hear the case. *See id.* at 1059–61. Despite these reservations, the Court treated the petition as one for which jurisdiction was proper and reached the merits of the claims raised in the petition. *See id.* at 1055–59. The Eleventh Circuit affirmed the denial of the petition on the merits. The subsequent authority of *Whitmore v. Arkansas*, — U.S. ——, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990), persuaded the Court that it was without jurisdiction when the first petition was considered. *See* Order Denying Petitioner's Motion for Relief from Judgment/Order Pursuant to Fed.R.Civ.P. 60(B)(5) and/or 60(B)(6), etc., at 2–3, entered July 16, 1990, in Case No. 89–537–Civ–J–12.

Petitioner cannot be bound by an order denying a petition in which he did not join and which CCR lacked standing to prosecute for him. Therefore, the Court has considered the present claims as if they had not been raised in the first petition. After careful consideration, the Court is of the opinion that petitioner could have raised these claims in his second petition (which he joined) and any attempt to raise them in the present petition constitutes an abuse of the writ. If it should be determined that the Court had jurisdiction over the first petition, the Court finds, as an alternative ground for dismissing the peti-

tion, that the raising of the present claims, previously adjudicated in the first proceeding, constitutes an abuse of the writ. Both grounds for dismissal of the petition are discussed below.

■ Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides as follows:

> **Successive Petitions.** A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.[1]

Thus, Rule 9(b) addresses two situations involving successive petitions: (1) where the petition raises a claim which has been raised in a prior petition and had a determination on the merits; and (2) where the petition raises a new claim not raised in a prior petition. In both situations, the district court may dismiss the subsequent petition on "abuse of the writ" grounds. "A principal reason underlying these rules is to promote the finality of criminal proceedings by requiring petitioners to include all of their claims in a single habeas petition in the federal district court." *Moore v. Zant,* 885 F.2d 1497 (11th Cir.1989) (en banc), *cert. denied,* —— U.S. ——, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990).

■ The state has the burden of raising abuse of the writ. *Gunn v. Newsome,* 881 F.2d 949, 956 (11th Cir.) (en banc), *cert. denied,* —— U.S. ——, 110 S.Ct. 542, 107 L.Ed.2d 540 (1989). Once the issue has been raised, the burden shifts to the petitioner to show that his conduct does not constitute an abuse of the writ. *Id.* In *Witt v. Wainwright,* 755 F.2d 1396 (11th Cir.), *cert. denied,* 470 U.S. 1039, 105 S.Ct. 1415, 84 L.Ed.2d 801 (1985), the Eleventh Circuit outlined a helpful framework for analysis when the government alleges abuse of the writ:

(a) If the ground was previously addressed in a federal habeas corpus proceeding, the petitioner must demonstrate that the decision was not on the merits or the ends of justice would be served by reconsideration of the merits. The "ends of justice" are defined by objective factors, such as whether there was a full and fair hearing on the original petition or whether there was an intervening change in the facts of the case or the applicable law.

(b) If the ground was not previously presented in a federal habeas corpus proceeding, petitioner must demonstrate the failure to present the ground in the prior proceeding was neither the result of an intentional abandonment or withholding nor the product of inexcusable neglect. *See Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *see also Stephens v. Kemp,* 721 F.2d 1300 (11th Cir.1983), and *Potts v. Zant,* 638 F.2d 727 (5th Cir. Unit B 1981) [, *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981) ].

*Id.* at 1397. Whether a subsequent petition constitutes an abuse of the writ "is left to the sound discretion of the district court." *Gunn,* 881 F.2d at 957. The district courts have "the major responsibility for the just and sound administration of the federal collateral remedies, and theirs must be the judgment as to whether a second or successive application shall be denied without consideration of the merits." *Sanders v. United States,* 373 U.S. 1, 18, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963).

■ As indicated at the beginning of this section, the Court has determined that the present petition should be dismissed as an abuse of the writ on two alternative grounds: either (1) because the claims raised are "new" claims which could have been raised in the second petition; or (2) because the claims were raised in the first petition and adjudicated in that first pro-

---

1. This rule is stated in different terms in 28 U.S.C. § 2244(b) (1988). "That portion of Rule 9(b) that speaks to the abuse of the writ is coterminous with 28 U.S.C. § 2244(b)." *Gunn v. Newsome,* 881 F.2d 949, 955 n. 7 (11th Cir.) (en banc), *cert. denied,* —— U.S. ——, 110 S.Ct. 542, 107 L.Ed.2d 540 (1989). For the purposes of this order, therefore, the Court will not treat § 2244(b) separately.

ceeding. Considering the present petition as raising "new" claims, the Court finds that petitioner has failed to demonstrate that the failure to present these claims in the second petition was not the result of intentional abandonment, withholding or inexcusable neglect. The grounds for the claims raised in the present petition were well known to counsel at least a year before the filing of the second petition on July 16, 1990. This knowledge is demonstrated by the filing of the first petition in July, 1989, which raised these very same claims. Petitioner has advanced no reason why these claims could not have been raised in the second petition and the Court concludes that the failure to raise them in that petition is inexcusable.

Considering the present petition as raising previously adjudicated claims, the Court finds that petitioner has failed to demonstrate that the Court's prior resolution was not on the merits. Further, the Court finds that petitioner has advanced no other valid basis for a reconsideration of the claims such that the ends of justice would be served by reconsideration. In the first proceeding in which the present claims were raised, the Court fully and carefully reviewed the record of the proceedings before the trial court. *See Hamblen,* 719 F.Supp. at 1056–57. Based on that review, the Court determined that the circumstances surrounding petitioner's waiver of counsel for both the guilt and penalty phases of his trial fully conformed with the requirements of *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and other applicable law. *See Hamblen,* 719 F.Supp. at 1057. This determination was on the merits and petitioner presents no intervening facts or law which dictate a redetermination in the interests of justice.

In his Reply to Respondent's Response ("Petitioner's Reply"), petitioner states correctly that *Whitmore v. Arkansas,* —— U.S. ——, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990), had not been decided at the time of petitioner's first petition to this Court. Petitioner's Reply at 5. *Whitmore,* however, was decided over two months before petitioner's second petition and could have been utilized by petitioner at that time. It

was decided contemporaneously with *Clemons v. Mississippi,* —— U.S. ——, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), upon which petitioner relied for the second claim in his second petition. Moreover, the Court relied on *Whitmore* as authority to deny the Rule 60(b) motion in Case No. 89–567–Civ–J–12, a clear indicator of the availability of this authority.

As for *Whitmore*'s impact on the first petition, the Court is of the opinion that it does not compel a particular analysis of petitioner's waiver of counsel claims and therefore does not change the analysis and conclusions of the Court in *Hamblen,* 719 F.Supp. 1051, *supra.* Thus, *Whitmore* is not an intervening change in the law that necessitates, in the interests of justice, a reevaluation of petitioner's waiver of counsel claims.

As a final matter, petitioner suggests in his reply that "jurisdiction and verification concerns [may have] colored the previous disposition of this case" before this Court. Petitioner's Reply at 4. While the Court did voice these concerns in its disposition of petitioner's first petition, the Court expressly stated that out of "caution" it would "treat [the] petition as one for which jurisdiction [was] .proper" and reach the merits of the claims presented. *See Hamblen,* 719 F.Supp. at 1061. The Eleventh Circuit Court of Appeals likewise clearly indicated its careful evaluation of the merits of the first petition. Thus, the merits of the claims in petitioner's first petition were fully and carefully considered before the petition was denied.

### III. CONCLUSION

Based on the Court's review of the petition, response, reply, relevant law and entire record, the Court finds that petitioner has failed to demonstrate that this, his third petition, should not be dismissed for abuse of the writ. The "ends of justice" do not compel adjudication of the merits of petitioner's claims. Accordingly, it is

ORDERED AND ADJUDGED:

1. That the Petition for Writ of Habeas Corpus By a Person in State Custody is hereby dismissed with prejudice;

2. That the Clerk of the Court shall enter judgment dismissing this action with prejudice; and

3. That the Clerk of the Court is hereby directed to give immediate telephonic notice of the entry of this order, and its contents, to the attorneys of record.

DONE AND ORDERED.