**Roger COLLINS, Petitioner/Appellant, Cross-Appellee,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center, Respondent/Appellee, Cross-Appellant.**

No. 86–8439.

United States Court of Appeals, Eleventh Circuit.

June 9, 1986.

Christine A. Freeman, Nashville, Tenn., Bryan Stevenson, Ralph Goldberg, Atlanta, Ga., for petitioner/appellant, cross-appellee.

William B. Hill, Jr., Asst. Atty. Gen. of Ga., Atlanta, Ga., for respondent/appellee, cross-appellant.

Before TJOFLAT, VANCE and KRAVITCH, Circuit Judges.

BY THE COURT:

In this second habeas corpus petition, death row inmate Collins raises three claims: (1) the instructions at his trial impermissibly shifted the burden of proof regarding intent; (2) he was subjected to police initiated interrogation after he had invoked his sixth amendment right to counsel; and (3) the state's closing argument amounted to prosecutorial misconduct. Collins filed this petition on May 13, 1986. On May 23, 1986, the district court, sua sponte, granted him thirty days in which to amend his petition and provided both parties sixty days in which to brief the issues. Less than one week after the district court's order, the state filed its response in the district court. That same day an execution order from the Superior Court for Houston County issued authorizing Collins' execution between June 10 and 17. Collins' execution is presently scheduled for June 10.

All of Collins' present claims have been argued and decided adversely by a prior panel. *Collins v. Francis*, 728 F.2d 1322 (11th Cir.), *cert. denied*, — U.S. —, 105 S.Ct. 361, 83 L.Ed.2d 297 (1984). On June 6, 1986, the district court conducted a hearing and, in a well-reasoned opinion, determined that two of Collins' claims were based on intervening decisions of the United States Supreme Court and the Eleventh Circuit and therefore his petition did not constitute an abuse of the writ of habeas corpus. The district court specifically found that Collins' claims were not frivolous and, although it denied relief, it granted Collins a certificate of probable cause to appeal. Where a certificate of probable cause has been granted, Rule 30 of this court requires us to stay an execution, if necessary, to allow consideration of a petition's merits.

A. Post-Arraignment Statement

At his arraignment, Collins requested a court-appointed lawyer. Several days later, the same officers who had accompanied Collins at arraignment initiated an interrogation that produced statements used against him at trial. At that time Collins had not had the benefit of counsel. The previous panel considering this claim declined to extend *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (police initiated custodial interrogation must cease when a defendant invokes his fifth amendment right to counsel) to a sixth amendment request for counsel. Recently, the United States Supreme Court held that where a defendant has requested counsel at arraignment, the sixth amendment renders an uncounseled waiver of sixth amendment rights invalid and the fruits of subsequent police initiated interrogation must be suppressed. *Michigan v. Jackson*, — U.S. —, 106 S.Ct. 1404, 89 L.Ed.2d 631 (1986).

The district court noted that *Michigan v. Jackson* was "clearly on point," but denied relief, concluding that Jackson should not be applied retroactively. The district court based its decision on *Solem v. Stumes*, 465 U.S. 638, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984) (declining to apply *Edwards* retroactively). Whether *Jackson* should be accorded retroactive effect is an open question. The Supreme Court did not address this matter in its opinion; however, it noted that *Edwards* was based, in part, on well established sixth amendment cases. *Jackson*, 106 S.Ct. at 1410. Several of these

sixth amendment cases predate Collins' arrest. Given the "built-in presumption of [the] retroactivity" of judicial decisions, *Stumes*, 104 S.Ct. at 1341, it is less than clear that *Jackson* should not be applied retroactively on the grounds that it establishes a "new rule" of law. *See Solem v. Stumes*, 104 S.Ct. at 1343.

We do not decide the retroactivity of *Jackson* at this juncture. Instead, we stay Collins' execution in order to allow full briefing of this issue of first impression. We note that the district court in this case is the only federal court that has considered the retroactivity of *Jackson* and its review was necessarily truncated by the scheduling of Collins' execution during the briefing schedule. As in *Goode v. Wainwright*, 670 F.2d 941, 942 (11th Cir.1982), Collins has presented a non-frivolous claim unforeclosed by state court processes and therefore we must stay execution to prevent rendering his appeal moot. *See Dobbert v. Strickland*, 670 F.2d 938 (11th Cir. 1982).

### B. *Sandstrom* Claim

Collins' claim that the trial court's instructions impermissibly shifted the burden of proof regarding intent is squarely within the ambit of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). The previous panel of this court assumed without deciding that the instructions violated *Sandstrom* but held that the error was harmless. *Collins v. Francis*, 728 F.2d at 1331. In a concurring opinion, Judge Tjoflat reasoned that the instructions were improper, but agreed that the error was harmless. *Id.* at 1350–52 (Tjoflat, J., concurring specially). The United States Supreme Court has subsequently ruled that similar burden shifting instructions do violate *Sandstrom*. *Francis v. Franklin*, — U.S. —, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985). The Court, however, explicitly withheld ruling on whether a *Sandstrom* violation can ever constitute harmless error. *Id.* at —, 105 S.Ct. at 1977. *See also Connecticut v. Johnson*, 460 U.S. 73, 87, 103 S.Ct. 969, 977, 74

L.Ed.2d 823 (1983) (plurality opinion). The Supreme Court has now granted certiorari and, on March 24, 1986, heard oral argument on this specific issue. *Clark v. Rose*, 762 F.2d 1006 (6th Cir.), *cert. granted,* — U.S. —, 106 S.Ct. 59, 88 L.Ed.2d 48 (1985).

Collins squarely questions whether the *Sandstrom* violation in his case was harmless. Because the Supreme Court will shortly determine whether *Sandstrom* violations can ever be harmless, and if harmless, what analysis should apply, we should stay Collins' execution pending the outcome in *Clark v. Rose.*

### C. Conclusion

In light of the above we stay Collins' execution pending further order of this court. As soon as the United States Supreme Court announces its decision in *Clark v. Rose*, both parties will be directed to file briefs with this court addressing (1) the retroactive application of *Michigan v. Jackson*, (2) the effect of *Clark v. Rose*, and (3) whether this petition constitutes an abuse of the writ.