CLARK, Circuit Judge,
specially concurring:
I write additionally to express my belief that appellant’s issue with respect to waiver of right to counsel — the Michigan v. Jackson claim — has sufficient merit to warrant stay of the execution to permit briefing and full appellate review. A panel of this court in Collins v. Kemp, 792 F.2d 987 (1986), stayed execution of Collins on this issue.
The district court makes a distinction between Fleming’s statement made at arraignment and Jackson’s statement in the Michigan v. Jackson case. Jackson requested counsel at arraignment. Fleming instead stated that his mother was trying to obtain counsel for him. As I read Jackson, the Supreme Court decision is based upon the Sixth Amendment right to counsel. Surely Fleming expressed his desire to have counsel in his statement that his mother was trying to obtain one. (But she was delayed in doing so — the district court notes that eventually counsel was obtained — which makes Fleming’s case very similar to that of Bladel, whose case was included with Jackson’s in the Jackson case, 106 S.Ct. at 1406.)
The Supreme Court in Jackson, 106 S.Ct. 1404, 1409 & n. 6 (1986) made note that “doubts must be resolved in favor of protecting the constitutional claim. This settled approach to questions of waiver requires us to give a broad, rather than a narrow, interpretation to a defendant’s request for counsel____” The Court then in n. 6 states “in construing respondent’s request for counsel, we do not, of course, suggest that the right to counsel turns on such a request.”
Consequently, it is my view that the foregoing issue as well as the Batson issue warrants stay of execution.