## 36397. BRIDGES v. THE STATE.

MARSHALL, Justice.

The defendant appeals from his conviction of a felony murder during an armed robbery, and his life sentence.

1. There was evidence adduced to the following effect. On April 5, 1979, the appellant, Freddy Wren, the victim (Hipp), and the appellant's nephew (who was staying with his uncle in his rooming house) were in the appellant's room. The victim went out and returned with a bottle of liquor after the others had gone out and returned from an errand. The victim left the room again, then the appellant and Wren came in and out of the room several times. People were heard running up the steps and then the appellant and Wren came back into the room with some money, which they split between themselves. The two then took the appellant's hammer out of the room, then a voice sounding like the victim's yelled, "Don't hit me." The sounds of running up the steps and scuffling on the roof were heard, then the victim fell off the roof onto the ground. When the nephew asked the appellant what had happened, he was told to shut up.

Approximately four days later, the appellant threatened to rape a woman in Carrollton, saying that he would kill her like he had the man in Atlanta on a Thursday, who had been buried on Saturday — which incident led to the appellant's arrest. The appellant's glasses were found on the roof from which the victim fell, and blood of the same type as the victim's was found on the appellant's hammer, knife and shoes. The death was caused by blows which could have been produced by the appellant's hammer and knife. The appellant told his parole officer, after receiving Miranda warnings, that he had agreed to Wren's suggestion to rob the victim, and that he and Wren had beat the victim while they were on the roof. Wren testified that the appellant knocked down the victim's door; that they both "shook him up"; that the appellant took the victim's money and gave it to Wren; and that he had seen the appellant hit the victim with the hammer. The appellant, though testifying that Wren had committed the robbery, did admit that he himself had kicked the victim in the ribs while he was lying on the ground.

The above evidence was sufficient to enable a rational trier of

fact to find the defendant guilty as charged beyond a reasonable doubt.

2. The trial court did not err in denying the appellant's motion for mistrial upon the introduction of testimony of the appellant's nephew — that a woman came out of her trailer in Carrollton "hollering rape" about 15 minutes after the appellant entered the trailer — and of testimony by the attempted rape victim that he said he had "killed a guy . . . " in Atlanta "on a Thursday and he was buried on Saturday," and that he had threatened to kill her "like he had the other person."

" 'Any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time *or thereafter,* charged with or suspected of crime, is admissible against him upon his trial for committing it.' *Hixon v. State,* 130 Ga. 479, 482 (62 SE 14), and cases therein cited." (Emphasis supplied.) *Ryals v. State,* 23 Ga. App. 86 (1) (97 SE 444) (1918).

3. The appellant asserts that the following charge was impermissibly burden-shifting in violation of Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979):

"I charge you that the acts of a person of sound mind and discretion are presumed to be the product of a person's will. And a person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts. *But both of these presumptions may be rebutted."* (Emphasis supplied.)

This charge is basically identical to that approved in *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979). Furthermore, the judge here charged additionally on burden of proof; reasonable doubt; credibility of witnesses; direct and circumstantial evidence; criminal intent as a necessary element, and that it could not be presumed. The charge as a whole created merely permissive and rebuttable presumptions, hence was not erroneous, particularly in view of the fact that the jury found the defendant guilty of felony murder, rather than malice murder.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 27, 1980 — DECIDED SEPTEMBER 10, 1980.

*Daniel Kane,* for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.