36985, 37095. ZANT v. GADDIS; and vice versa.

CLARKE, Justice.

Bobby Gene Gaddis filed a petition for habeas corpus in the Superior Court of Butts County challenging the constitutionality of his burglary, armed robbery and murder convictions and the subsequent imposition of the death penalty for the murder. His convictions and sentences were affirmed on direct appeal. *Gaddis v. State,* 239 Ga. 238 (236 SE2d 594) (1977). Certiorari was denied by the United States Supreme Court. Gaddis v. Georgia, 434 U. S. 1088 (1977). An extraordinary motion for new trial was denied, and the denial was upheld by this court in *Gaddis v. State,* 245 Ga. 200 (265 SE2d 275) (1980).

The Superior Court of Butts County granted the petition for habeas corpus insofar as it related to the imposition of the death penalty and denied the petition as it related to the guilt phase of petitioner's trial. The state appeals from the granting of habeas corpus as to the sentencing phase of petitioner's trial. We granted petitioner's application to appeal from the habeas court's denial of his petition as it related to the guilt phase of his trial.

The habeas court noted that although the petition was cast in sixteen counts, evidence and argument at the hearing were made on only four points. The court therefore properly considered the other

points abandoned. Petitioner contends that the failure to reach the merits of these points was improper since he could have supported his allegations by evidence only if state funds were made available for investigation and research. A review of the record indicates that petitioner demonstrated no circumstances which would entitle him to state funds under Georgia law. *Pulliam v. Balkcom,* 245 Ga. 99 (263 SE2d 123) (1980), cert. den., 447 U. S. 927 (1980); *Bowden v. Zant,* 244 Ga. 260 (260 SE2d 465) (1979).

1. Petitioner argues that the trial court's charge impermissibly shifted the burden of proof in regard to intent to commit the crimes charged. The habeas court found that taken as a whole the charge created a permissive presumption rather than the conclusive presumption condemned by Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). The court charged the jury as to several presumptions, including the presumption that a person is presumed to intend the natural and probable consequences of his acts. The court specifically charged, however, that each of the presumptions charged was rebuttable and subject to being overcome by the evidence. Further, the court charged that the state must prove beyond a reasonable doubt each and every element of the crimes charged. We agree that, taken as a whole, the charge did not impermissibly shift the burden of proof as to intent to the petitioner. *Simmons v. State,* 246 Ga. 390 (271 SE2d 468) (1980); *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979).

2. Petitioner contends that security measures during his trial were so extensive that his right to a presumption of innocence and an impartial jury trial were impaired. The habeas court found that petitioner was a federal prisoner at the time of his state court trial and that he was escorted by federal marshals who sat in the courtroom in civilian clothes during his trial. The only other security consisted of a small number of uniformed officers, some of whom were armed, inside and outside of the courtroom. Although a defendant is entitled to trial free of the partiality which the presence of an excessive number of guards may create, special circumstances may make the presence of a number of guards necessary. *Green v. State,* 246 Ga. 598 (272 SE2d 475) (1980); *Allen v. State,* 235 Ga. 709 (221 SE2d 405) (1975). We find the security measures taken to be reasonable and appropriate. In making this finding, we considered the nature of the crimes for which petitioner was convicted and the surrounding circumstances. See also *Birt v. Hopper,* 245 Ga. 221 (265 SE2d 276) (1980).

3. Petitioner contends that the grand jury which indicted him and the traverse jury which convicted him were both unconstitutionally composed. He complains that he was denied

effective assistance of counsel because of trial counsel's failure to object to the composition of the grand jury and traverse jury.

The habeas court found as a matter of fact that at the time of petitioner's trial, the grand jury consisted of 9.1% blacks and 1.2% women, while the general population of Jefferson County as of the 1970 census consisted of 54.5% blacks and 52.5% women. The Traverse Jury Pool consisted of 21.6% blacks and 34.9% women. The habeas judge found as a matter of fact that trial counsel had reason to know of the significant disparity between the number of minority members in the grand and traverse jury pool and in the population at large.

Under Code Ann. § 50-127, which deals with the procedure for suing out a writ of habeas corpus, the right to challenge the grand or traverse jury is deemed waived unless the petitioner ". . . satisfies the court that cause exists for his being allowed to pursue the objection after the conviction and sentence has otherwise become final." Under federal law, a showing of actual prejudice is required as well as a showing of cause to allow the untimely challenge. Francis v. Henderson, 425 U. S. 536 (96 SC 1708, 48 LE2d 149) (1976). The habeas court found the existence of actual prejudice in that had the juries been challenged, the challenge would have in all likelihood succeeded. However, the petitioner must still meet the requirement of the Georgia statute that he show cause why he should be allowed to proceed with the untimely challenge. *Pulliam v. Balkcom,* 245 Ga. 99, supra. Petitioner here contends that he should be allowed to proceed because it was due to the ineffectiveness of his counsel that the challenges were not timely made.

The habeas court found that trial counsel's failure to file timely jury challenges was the result of a tactical decision. We cannot find that this finding was clearly erroneous. The reliance upon ineffectiveness of counsel to satisfy the "cause" requirement of Code Ann. § 50-127(1) must fail. To hold otherwise would in effect render the "cause" requirement a nullity. Lumpkin v. Ricketts, 551 F2d 680 (5th Cir. 1977), cert. den., 434 U. S. 957 (1977). In the absence of the "cause" requirement, the wise trial counsel might always bypass a jury challenge to preserve an issue for appeal on habeas corpus in the event of conviction. *Goodwin v. Hopper,* 243 Ga. 193, 194 (2)(a) (253 SE2d 156).

4. The fourth ground argued in petitioner's habeas corpus petition was that the trial court failed to charge that the jury should take into consideration any mitigating circumstances in fixing punishment following conviction. The petitioner also contends that the trial court failed to instruct the jury that they might sentence petitioner to life imprisonment even if they found the presence of

statutory aggravating circumstances which would justify imposition of the death penalty. The habeas court found that failure to charge as to mitigating circumstances and the failure to charge that the sentence could be set at life imprisonment even in the presence of aggravating circumstances constituted. a violation of petitioner's constitutional rights which entitled him to a retrial of the sentencing phase of his trial. The habeas court found that the charge as given did not meet the standard set out by this court in *Spivey v. State,* 241 Ga. 477, 481 (246 SE2d 288) (1978), cert. den., 439 U. S. 1039 (1978): ". . . whether a reasonable juror, considering the charge as a whole, would know that he should consider all the facts and circumstances of the case as presented during both phases of the trial (which necessarily include any mitigating and aggravating facts), and then, even though he might find one or more of the statutory aggravating circumstances to exist, would know that he might recommend life imprisonment." Considering the charge as a whole, we find that it does not meet the test of *Spivey v. State,* supra, and that the charge as given violated petitioner's constitutional rights under the eighth and fourteenth amendments. Jurek v. Texas, 428 U. S. 262 (96 SC 2950, 49 LE2d 929) (1976). See also, *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977); *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977). In making it clear to the jury that mitigating circumstances must be considered, there is no requirement that the trial court point out specific mitigating circumstances which may be present in a defendant's case. *Collier v. State,* 244 Ga. 553 (261 SE2d 364) (1979); *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978). It is also unnecessary to include the magic words "mitigating circumstances" in the charge. *Spivey v. State,* supra. "When Georgia juries are instructed in sentencing to consider all the facts and circumstances which have appeared at both phases of the trial, this necessarily includes any mitigating circumstances which defendant has shown, or argued, or both." *Spivey v. State,* supra at 481.

In the case at hand, the trial court specifically authorized the jury to consider all evidence received in both phases of the trial. The charge was therefore constitutionally sufficient as to the consideration of mitigating circumstances. However, the trial court's charge failed to meet the second requirement of the *Spivey* test: that it inform the reasonable juror that he could recommend life imprisonment even if he should find the presence of one or more of the statutory aggravating circumstances. Nowhere in the charge is this option made clear to the jury. Therefore, the trial court's judgment granting the writ of habeas corpus must be affirmed and the petitioner must be granted a new trial as to sentence.

*Judgment affirmed. All the Justices concur.*

Decided June 23, 1981.

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Susan V. Boleyn, Assistant Attorneys General,* for appellant.
*August F. Siemon,* for appellee.