1058

C. A. 4th Cir.   Certiorari denied.   JUSTICE O'CONNOR took no part in the consideration or decision of this petition.

No. 85–991.   IN RE MARTIN-TRIGONA.   C. A. 2d Cir.   Petition for writ of certiorari and/or mandamus denied.

No. 85–1053.   CRAFT v. METROMEDIA, INC.   C. A. 8th Cir. Certiorari denied.   JUSTICE O'CONNOR would grant certiorari.

No. 85–1183.   P. B. C. v. D. H.   Sup. Jud. Ct. Mass.   Certiorari denied.   JUSTICE WHITE would grant certiorari.

No. 85–5386.   FLEMING v. KEMP, WARDEN.   C. A. 11th Cir. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

I would grant certiorari in this case because petitioner was not represented by counsel at a critical stage of a criminal proceeding, and is therefore entitled to reversal of his conviction.   See *United States* v. *Cronic,* 466 U. S. 648, 659, and n. 25 (1984); *Holloway* v. *Arkansas,* 435 U. S. 475, 489 (1978).

Petitioner was convicted of murdering a police officer and sentenced to death.   After exhausting state remedies, petitioner filed a petition for a writ of habeas corpus in the District Court.   Petitioner contended that he had been denied counsel at a commitment hearing, a device used under Georgia law to determine the existence of probable cause to detain a suspect, Ga. Code Ann. § 17–7–23 (1982), and one that the Georgia Supreme Court has held to be a critical stage of the prosecution, *State* v. *Houston,* 234 Ga. 721, 218 S. E. 2d 13 (1975); cf. *Coleman* v. *Alabama,* 399 U. S. 1 (1970).   The District Court held that the hearing that took place in this case had not been a "commitment hearing" as contemplated