**Jerome BOWDEN, Petitioner-Appellant,**

v.

**Ralph KEMP, Warden, Georgia Diagnostic and Classification Center, Respondent-Appellee.**

No. 86–8456.

United States Court of Appeals, Eleventh Circuit.

June 17, 1986.

Bruce S. Harvey, Atlanta, Ga., C. Nelson Jarnagin,

William B. Hill, Jr., Sr. Asst. Atty. Gen., Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before TJOFLAT, HILL and FAY, Circuit Judges.

PER CURIAM:

The petitioner, Jerome Bowden, is a Georgia prisoner, having been convicted of murder and sentenced to death. His execution is scheduled for 7:00 p.m. today.[1] He seeks a certificate of probable cause to appeal from the district court's decision, handed down yesterday, denying his application for a writ of habeas corpus and a stay of his execution. Petitioner presented one claim to the district court: that the prosecutor, during the selection of petitioner's jury, denied him rights guaranteed by the sixth, eighth, and fourteenth amendments by using his peremptory challenges to strike every black person on the proposed panel and the sole black person tendered as an alternate juror, thus leaving an all-white jury to try petitioner, who is black.

The district court dismissed this claim, and hence petitioner's petition, on the ground that petitioner had abused the writ. *See* Rule 9(b), Successive Petitions, Rules Governing Section 2254 Cases, 28 U.S.C. fol. § 2254 (1982). The district court held that petitioner "could have raised his contention that there was allegedly an unconstitutionally discriminatory use of peremptory strikes on the part of the prosecutor in this case at the time Petitioner filed the first application for federal habeas corpus relief in December of 1982." The court further concluded that, assuming *arguendo* that petitioner's failure to raise the instant claim in the first federal habeas proceeding was excusable, petitioner could not be excused for failing to raise it in the second habeas corpus petition he presented to the district court on October 11, 1985, because the case he cites in support of his claim, *Batson v. Kentucky*, —— U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), was then pending before the Supreme Court.[2] We affirmed the district court's dismissal of both of petitioner's previous petitions. *See Bowden v. Francis*, 733 F.2d 740 (11th Cir.), *vacated and remanded*, —— U.S. ——, 105 S.Ct. 1834, 85 L.Ed.2d 135 (1984), *aff'd on remand sub nom. Bowden v. Kemp*, 767 F.2d 761 (11th Cir.1985), and *Bowden v. Kemp*, 774 F.2d 1494 (11th Cir. 1985) (per curiam).

We agree with the district court that the petitioner's present application for habeas

---

1. The court has been advised that the Georgia Board of Pardons and Paroles today stayed petitioner's execution for 90 days or until the Board announces its decision on petitioner's application for commutation of his death sentence, "whichever is earlier." This action has no bearing on our decision herein.

2. Petitioner presented the instant claim to the Georgia courts for the first time five days ago, in his habeas petition to the Superior Court of Butts County. That court refused to consider the claim on its merits, concluding that the petition was successive. The Georgia Supreme Court granted petitioner leave to appeal and affirmed the Superior Court's denial of relief because the petition was successive.

relief constitutes an abuse of the writ. We note that, at trial, petitioner did not object to the manner in which the prosecutor exercised the State's peremptory challenges. Nor did petitioner question the prosecutor's exercise of such challenges on direct appeal or in any of the collateral attack proceedings he brought in state court until the one he instituted five days ago in the Superior Court of Butts County.

Petitioner contends that he cannot be viewed as having abused the writ because he had lacked the resources to raise his claim at trial or, until the Supreme Court decided *Batson,* in any of his previous collateral attacks on his conviction. He observes that *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), which *Batson* partially overruled, required that he show that the prosecutor

> in case after case, whatever the circumstances, whatever the crime and whoever the defendant or the victim may be, is responsible for the removal of Negroes who have been selected as qualified jurors ... and who have survived challenges for cause, with the result that no Negroes ever serve on petit juries.

*Id.* at 223, 85 S.Ct. at 837. Petitioner represents that, as an indigent defendant, he lacked the funds or personnel to amass such proof. Now that *Batson,* which prescribes a lesser burden of proof, has been decided, he should be given an opportunity to present his claim. We are not persuaded by petitioner's argument.

Petitioner's claim did not arise until the prosecutor actually exercised his peremptory challenges; up to that point, no purposeful discrimination could have occurred. Once the prosecutor struck the black ve-

niremen, petitioner, if he thought the prosecutor was guilty of racial discrimination, should have objected and, if he needed time and resources to prove his claim of discrimination, should have moved the court for a continuance and the necessary resources.[3] Other similarly situated defendants have made such objection, *see, e.g., Batson* and *Willis v. Zant,* 720 F.2d 1212 (11th Cir. 1983), and petitioner has made no showing that he could not have done likewise. Nor has petitioner adequately explained why he could not have raised his claim in any of his previous state and federal collateral attacks—especially the one he commenced after the Supreme Court granted certiorari in *Batson*—prior to his most recent effort.[4]

For the foregoing reasons, petitioner's applications for a certificate of probable cause and a stay of his execution are DENIED.

---

3. Had petitioner objected and the court indicated that it would grant him a brief continuance to gather the proof for his claim, the prosecutor may have reconsidered his decision to strike all of the black veniremen from the tendered jury panel, especially if he had exercised his peremptory challenges out of the hearing of the jury.

4. As long ago as May 31, 1983, five Justices of the Supreme Court, writing in the context of the denial of certiorari, expressed some doubt as to the continuing vitality of *Swain. See McCray v. New York,* 461 U.S. 961, 103 S.Ct. 2438, 77

L.Ed.2d 1322 (1983). In addition, on December 4, 1984, the Court of Appeals for the Second Circuit declined to apply the *Swain* standard to a sixth amendment claim. *McCray v. Abrams,* 750 F.2d 1113 (2d Cir.1984). The Supreme Court granted certiorari in *Batson* on April 22, 1985, to resolve similar issues. *Batson v. Kentucky,* —— U.S. ——, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985). Despite these events, petitioner filed his second federal habeas petition in October 1985 and failed to raise a *Swain* or *Batson* claim.