## A97A1564. ALDRIDGE v. THE STATE.
(494 SE2d 368)

SMITH, Judge.

Roger D. Aldridge was convicted by a Fulton County jury on one count of child molestation, OCGA § 16-6-4 (a). His motion for new trial was denied, and he appeals. In his sole enumeration of error, Aldridge complains the trial court erroneously admitted testimony regarding his alleged attempts to commit suicide after being accused in a similar transaction. Because we find the evidence was properly submitted for the jury's consideration, we affirm.

Aldridge was accused of molesting an eight-year-old girl by fondling her. The State offered as a similar transaction a later incident in which Aldridge was accused of fondling another eight-year-old girl. Several witnesses testified that, within hours of being accused in this similar transaction, Aldridge attempted suicide first by swallowing pills and then by twice attempting to hang himself with two different ropes.

Consideration of this evidence presents two separate questions. First we must determine whether evidence of attempted suicide is admissible as relevant to the defendant's consciousness of guilt. This is an issue of first impression in Georgia. Then, if such evidence is admissible generally, we must determine whether it is admissible not only in connection with the offense for which the defendant is on trial, but also with regard to a similar transaction introduced by the State under *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). For the reasons stated below, we answer both questions in the affirmative.

1. Generally, any conduct of the accused that tends to show consciousness of guilt is admissible in Georgia. "Any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or thereafter, charged with or suspected of crime, is admissible against him upon his trial for committing it." (Citations, punctuation and emphasis omitted.) *Bridges v. State*, 246 Ga. 323, 324 (2) (271 SE2d 471) (1980). "Any conduct of a person indicating a consciousness of guilt, such as flight or concealment, is admissible evidence for whatever value the jury decides to give. [Cit.]" *Booth v. State*, 184 Ga. App. 494, 496 (361 SE2d 868) (1987).[1] While

---

[1] Such evidence is still relevant and admissible, although it is no longer proper for the

evidence of a suicide attempt by a defendant accused of child molestation appears to have been admitted in *Young v. State*, 194 Ga. App. 335 (1) (a) (390 SE2d 305) (1990), its admission was neither objected to nor ruled upon in that case, and we reach it here for the first time.

As a general rule, "[e]vidence that the accused attempted to commit suicide is relevant as a circumstance tending . . . to show consciousness of guilt," 1 Wharton's Criminal Evidence, § 159 (14th ed. 1985), or as showing "an attempt to flee and escape forever from the temporal consequences of one's misdeed[s]." 2 Wigmore on Evidence, p. 131, § 276 (Chadbourn rev. 1979). See also 22 ALR3d 840. When faced with the question, the courts of other states in almost every instance have allowed evidence of attempted suicide to go to the jury for whatever weight it chooses to place upon it. See, e.g., *Commonwealth v. Sheriff*, 680 NE2d 75, 83 (Mass. 1997) (instruction that attempted suicide evidence of consciousness of guilt not error); *Harper v. State*, 930 SW2d 625, 630 (Tex. App. 1996) (evidence of flight and attempted suicide properly admitted); *State v. Mann*, 625 A2d 1102 (N.J. 1993) (evidence of attempted suicide may be admissible but pretrial evidentiary hearing and proper jury instructions required); *State v. Mitchell*, 450 NW2d 828, 831-832 (Iowa 1990) (admission of evidence of suicide attempt after arrest not abuse of discretion); *State v. Hunt*, 287 SE2d 818, 823 (N.C. 1982) (flight and attempted suicide in jail "implied admissions of guilt").

Those states which in recent decisions have refused to admit such evidence have done so on the basis of fact situations not applicable here. See, e.g., *Meggison v. State*, 540 S2d 258, 259 (Fla. App. 1989) (evidence of attempted suicide not probative of flight from pending prosecution because accused had pleaded guilty; guilty plea later withdrawn); *Pettie v. State*, 560 A2d 577 (Md. 1989) (evidence of suicide attempt improperly admitted because prosecution failed to prove actual suicide attempt made). In view of these decisions and the breadth of the existing Georgia law allowing "[a]ny statement or conduct of a person, indicating a consciousness of guilt," *Bridges*, supra at 324 (2), we conclude that evidence of attempted suicide by the accused "where such person is, at the time or thereafter, charged with or suspected of crime," (punctuation and emphasis omitted) id., is relevant as possibly indicating a consciousness of guilt and admissible for whatever weight the jury chooses to assign. "Whether the acts of the defendant constitute flight, and were due to a consciousness of guilt, or whether such acts have an innocent explanation, is a question for the jury. [Cits.]" *Butler v. State*, 172 Ga. App. 405, 407 (4)

---

trial court to instruct the jury on flight. See *Renner v. State*, 260 Ga. 515, 517-518 (3) (b) (397 SE2d 683) (1990).

(323 SE2d 628) (1984).

2. We must next consider whether such evidence is relevant in the context of a similar transaction. In *Williams*, supra, the Supreme Court of Georgia required three elements in order to demonstrate the admissibility of a similar transaction under Uniform Superior Court Rule 31.3 (B): (1) the introduction of the independent offense for some appropriate purpose, (2) the presentation of sufficient evidence to establish that the accused committed the independent offense, and (3) sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams*, supra at 642 (2) (b). The State must "present the trier of fact with evidence establishing . . . that the accused committed an independent offense or act." Id. at (2) (c).

In this instance, the State sought to prove Aldridge's commission of the later incident through the victim's testimony rather than a conviction or plea of guilty. See generally *Harris v. State*, 222 Ga. App. 52, 54 (473 SE2d 232) (1996) (State need not prove that similar transaction resulted in conviction or criminal charge). Under these circumstances, evidence regarding Aldridge's consciousness of guilt became relevant to whether he was in fact the perpetrator of the independent offense, because evidence that an accused attempted suicide is admissible as showing consciousness of guilt.

Relying on *Sessions v. State*, 207 Ga. App. 609 (2) (428 SE2d 652) (1993), Aldridge contends evidence of the suicide attempt was inadmissible because it showed a separate and unrelated crime, to Aldridge's prejudice as forbidden under *Williams*. Sessions was charged with entering an automobile, and the State introduced as similar transactions several other incidents in which Sessions was apprehended while breaking into vehicles. In the course of testifying to the similar transactions, one witness testified that Sessions reached for a pistol in a paper bag during a struggle at the crime scene, and a second witness testified that he found drugs in Sessions's truck. Id. at 610. This Court held that such evidence of additional criminal acts was unrelated and irrelevant to the crime for which Sessions was being tried, was introduced for the sole purpose of attempting to show his bad character, and was sufficiently prejudicial to warrant reversal. Id.

*Sessions* is inapposite here. First, " 'suicide is not a crime in Georgia.' " *Broomall v. State*, 260 Ga. 220, 224 (4) (c) (391 SE2d 918) (1990). Compare OCGA § 16-5-5 (assisting another in the commission of suicide). Moreover, in contrast to the irrelevant crimes committed by Sessions, in Aldridge's case a direct relationship exists between the offense being shown as a similar transaction and evidence that Aldridge attempted suicide after being accused of that offense. Because that evidence is relevant as indicating a conscious-

ness of guilt, it is relevant to show identity in the similar transaction, an element which the State must prove. The trial court therefore did not err in admitting evidence of Aldridge's suicide attempts after being accused of another, similar act of child molestation.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 25, 1997.

*Calvin Lamar, Jr.*, for appellant.

*Paul L. Howard, Jr., District Attorney, Jackie N. Stanton, Carl P. Greenberg, Assistant District Attorneys*, for appellee.