A99A1901. DENNARD v. THE STATE.
(527 SE2d 884)

RUFFIN, Judge.

Reginald Dennard appeals his conviction of robbery by intimidation, contending that the evidence was not sufficient to support the verdict. Because the evidence was sufficient, we affirm.

Brenda Braddock testified that she was working at a convenience store in Claxton shortly before 7:00 a.m. on October 25, 1996, when a man came into the store. After asking Braddock about some sunglasses for sale, the man stuck what she thought was a gun in her back and said, "This is a robbery. Put your hands on your head, and go to the cash register." The man said, "I have a gun," and told Braddock to open the cash register. Braddock testified that there was slightly more than $153 in the register at the time of the robbery, as well as about $10 in food stamps. She said that there were more coins than usual in the register that day. Braddock gave the man all of the money and food stamps in the register, except for three or four rolls of pennies that he did not want and some change that she dropped on the floor. The robber told Braddock that he had a drug problem and was out of drugs and money. After taking the money and food stamps, he placed Braddock in the cooler and left the store. Braddock waited two or three minutes and then called the police.

When the police arrived shortly thereafter, Braddock gave them a general description of the robber, describing him as a well-built, light-skinned black male with short hair, clean shaven, wearing dark

jeans and a light T-shirt. Since the robber had mentioned needing the money for drugs, Officer Greg Carr suspected that he might have headed toward a known drug area nearby on Savoy Road. Officer Carr started toward Savoy Road, driving slowly in order to see anyone who might be running. At this time, it was approximately 7:00 a.m. As Officer Carr was driving, he saw a man fitting Braddock's description walking toward him. Carr radioed back and asked if Braddock could provide any further description of the robber, and Braddock said that the robber's T-shirt had a design on the front. Because this matched the individual he saw walking down the street, Carr turned his vehicle around to stop the man. However, by the time he turned around, the man had disappeared.

Carr started looking for the man and found him hiding behind a car parked in front of an apartment on Broad Street. Carr testified that this man, subsequently identified as Dennard, was wearing blue jeans and a white T-shirt with a design on the front and was sweating profusely. Carr searched Dennard and found currency, coins, and food stamps in his pockets. Versie Moore, whose mother lived in the apartment, told Carr that she saw Dennard throw something under her automobile, and Carr found some dollar bills under the car. In all, Carr found $149.28 in cash in Dennard's pockets and under the car, as well as $10 in food stamps. The cash consisted of thirty-two $1 bills, eleven $5 bills, four $10 bills, thirty-five quarters, ninety-six dimes, sixty-seven nickels, and fifty-eight pennies. Carr testified that he did not see anybody else on the streets.

Moore testified that she had driven to her mother's house that morning to drop her son off. As they got out of her car, Dennard came from the side of the house and approached her son. Moore told her son to go inside the house. Dennard then ran to Moore's car, threw something underneath it, and told her to "come here." She refused and asked what he threw under the car. He again told her to come to him. At about this time, Moore's mother came out of the house, and Officer Carr arrived on the scene.

Officer Kenneth Jackson arrived shortly before Carr found the money under the car. Jackson testified that Dennard "blurted out that he wasn't the only one involved in — in this, and he's not taking the rap by [him]self." At this point, another officer read Dennard his *Miranda* rights. Dennard subsequently told another officer that he had won the money and food stamps gambling.

After arresting Dennard, Carr brought him back to the convenience store to see if Braddock could identify him. Braddock testified that she saw Dennard in the back of the police vehicle and that he matched the general description of the robber, but she was unable to positively identify him as the robber. She testified that her back was to the robber most of the time and that she did not get a good look at

his face during the robbery. When asked about the T-shirt Dennard was wearing when he was brought to the store by the police, Braddock testified that the design on the shirt looked bigger than the design she remembered seeing on the robber's shirt.

On appeal, Dennard argues that there was not sufficient evidence to identify him as the robber. In particular, he points to the fact that the only eyewitness, Braddock, testified that the design on Dennard's T-shirt appeared larger than the design she remembered seeing on the robber's shirt. It is true that, "in any criminal case, proof that it was the defendant on trial who committed the alleged crime is essential."[1] However, "[t]here is no requirement that a criminal conviction be based upon direct evidence in the form of a positive identification given by a single witness."[2] Thus, the relevant question is not whether Braddock could make a positive identification of Dennard, but whether the evidence as a whole was sufficient to allow a rational trier of fact to conclude beyond a reasonable doubt that Dennard was the robber.

Braddock's testimony established that Dennard fit the general description of the robber and was wearing the same type of clothing — jeans and a white T-shirt with a design on the front. Although Braddock thought the design on Dennard's T-shirt was larger than the one on the robber's shirt, the jury could have attributed this apparent contradiction either to the fact that she got only a brief look at Dennard while he was sitting in the back of the police car or to the fact that she was not looking at the robber during most of the robbery.

Apart from Braddock's testimony, there was significant circumstantial evidence supporting the conclusion that Dennard was the robber. Dennard was discovered trying to hide from the police shortly after the robbery, not far from the store, at a time in the morning when few people were out. After seeing Officer Carr, Dennard made an apparently aggressive move toward Moore and her child before throwing some money under her car and trying to hide from the officer. This attempt to hide from or elude the police constitutes circumstantial evidence of Dennard's consciousness of guilt.[3] Whether there was an innocent explanation for Dennard's conduct was a matter for the jury to decide.[4] Dennard's statement that he was not the only one involved and was not taking the "rap" by himself also shows

---

[1] *Price v. State*, 180 Ga. App. 215 (3) (348 SE2d 740) (1986).

[2] Id. at 216 (3).

[3] See *Moody v. State*, 232 Ga. App. 499, 502 (1) (502 SE2d 323) (1998); *Burley v. State*, 172 Ga. App. 34 (2) (321 SE2d 783) (1984).

[4] *Aldridge v. State*, 229 Ga. App. 544, 545 (1) (494 SE2d 368) (1997).

consciousness of guilt.[5]

Perhaps most significantly, at the time he was arrested, Dennard was carrying or attempting to hide $149.28 in cash and $10 in food stamps — almost precisely the amount believed to have been stolen in the robbery. The cash included an extremely large number of coins — 35 quarters, 96 dimes, 67 nickels, and 58 pennies — an amount that might be expected in a cash register but would be very unusual for an individual to carry around in his pockets. The amount of food stamps was the exact amount Braddock testified was taken during the robbery. Although Dennard told an officer that he won the money and food stamps gambling, he presented no evidence of this at trial.

When all of the evidence is considered as a whole — Dennard's resemblance to the robber, his apprehension nearby at an early hour in the morning, his attempt to hide from the police and to discard money, his aggressive move toward Moore and her child, his inculpatory statement to police, and the type and amount of money and food stamps found in his pockets or discarded under the car — we believe it was sufficient to enable a rational trier of fact to conclude that Dennard was guilty beyond a reasonable doubt of the robbery.[6]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 12, 2000.

*Joel E. Williams, Jr.*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Timothy B. Lumpkin, Assistant District Attorney*, for appellee.

---

[5] See id. at 544 (1) (" 'Any statement or conduct of a person, indicating a consciousness of guilt, where such person is, at the time or thereafter, charged with or suspected of crime, is admissible against him upon his trial for committing it.' ").

[6] See *Thomas v. State*, 128 Ga. App. 538, 540-541 (1) (197 SE2d 452) (1973) (affirming conviction although victim not positive about identification).